# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                         No. CR 09-0767 JB

FRANCISCO RODRIGUEZ-GAMBOA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed February 19, 2010 (Doc. 52)("Memo."). The Court held a sentencing hearing on March 12, 2010. The primary issue is whether the Court should sentence Defendant Francisco Rodriguez-Gamboa to a sentence that is less than the advisory guideline range sentence that the Pre-Sentence Investigative Report (disclosed February 5, 2010)("PSR") recommends. Because Rodriguez-Gamboa has no violent crimes in his criminal history, and because there are some mitigating factors in the underlying crime, the Court will grant his request for a variance and sentence him to 18 months incarceration.

## PROCEDURAL BACKGROUND

Rodriguez-Gamboa was arrested on December 13, 2008, and on December 15, 2008 he was charged by criminal complaint with being illegally in the United States after being convicted of an aggravated felony and deported, in violation of 8 U.S.C. § 1326(a). See Criminal Complaint at 1, filed December 15, 2008 (Doc. 1). He was then charged by indictment with the same crime. See Indictment, filed March 26, 2009 (Doc. 9).

On May 21, 2009, Rodriguez-Gamboa filed a motion to suppress, arguing that the traffic stop

which led to his revealing his status as an illegal alien, and which ultimately led to these criminal charges, was unlawful, and arguing that, therefore, the Court should suppress "evidence concerning [his] illegal presence in the United States." Motion to Suppress Evidence and Request for Evidentiary Hearing at 1, 8, filed May 21, 2009 (Doc. 19). The Court held an evidentiary hearing on the motion on August 12, 2009. The Court ultimately denied the motion by Memorandum Opinion and Order filed November 11, 2009 (Doc. 42).

The United States Probation Office has provided a PSR for Rodriguez-Gamboa that calculates Rodriguez-Gamboa's offense level as 20 and his criminal history category as II, resulting in a guideline imprisonment range of 37 to 46 months. See PSR ¶¶ 19, 22, at 5-6. In response to the PSR, Rodriguez-Gamboa filed a Sentencing Memorandum in which he asks the Court to grant a variance to a sentence below the advisory guideline range by balancing the factors found in 18 U.S.C. § 3553(a). See Memo. at 16.[1] The United States opposes the requested variance, arguing that the § 3553(a) factors weigh against a variance and that a sentence within the advisory guideline range is appropriate.

## ANALYSIS

The Court has considered the PSR, the briefs of the parties, and the arguments of counsel,

---

[1] The Sentencing Memorandum makes arguments that could be construed as requesting a downward departure, but are more likely simply arguments for a variance based upon alleged excessiveness of the sentence enhancement found in U.S.S.G. § 2L1.2. To the extent that Rodriguez-Gamboa requests a downward departure, the Court denies it. The Court sees no characteristic or factor that takes Rodriguez-Gamboa out of the heartland of cases. Courts in the District of New Mexico often see similar defendants who come back into the United States with a single criminal event that causes a 16-level increase, and people often say they just did not realize how serious it would be to come back into the United States with that one conviction. The Court appreciates that many defendants with few prior encounters with the law are surprised, and thinks this recurring event is a factor that may weigh in determining whether to grant a variance, but the Court does not think this argument goes to a downward departure because the situation is so common.

and has concluded that a variance is appropriate in this case.  Rodriguez-Gamboa illegally reentered the United States after previously being deported for a drug-trafficking conviction, but the Court notes that conviction is the only crime in Rodriguez-Gamboa's history, other than the one for which he is before the Court. There was an opportunity for Rodriguez-Gamboa to take a fast-track plea agreement, and the Court is very mindful of that offer and does not want to do anything that undermines the effectiveness of the fast-track program which benefits both the United States and the defendants. On the other hand, when the Court focuses on its task and puts aside the fact that Rodriguez-Gamboa has vigorously defended himself, filed motions to suppress, and refused fast-track plea agreements which would have given him the benefit of a greater downward departure, the Court does not believe that the punishment that is set forth in the guidelines is appropriate for this sort of offense.  A sentence in the 30-month range is too high in Rodriguez-Gamboa's case.

Ultimately, the Court recognizes that it is sentencing a defendant for reentry into the United States following a drug-trafficking conviction, which is serious.  The Court, however, thinks a sentence less than 30 months can still reflect the seriousness of the offense and promote respect for the law.  The Court must also provide a just punishment, and the Court believes that sentences in the 30-month range for a defendant with the criminal background that Rodriguez-Gamboa has, would not be a just punishment.  The Court must come up with something that affords adequate deterrence, so the sentence should be longer than what Rodriguez-Gamboa received for his prior drug-trafficking conviction -- 15 months -- because that sentence did not deter him from reentering the United States after committing that crime.  These are nonviolent crimes, however, and so the Court does not think the need to protect the public weighs as heavily in Rodriguez-Gamboa's situation as it may in other cases.

The Court thinks a sentence that is more in the nature of the 10-level enhancement, rather

than the 16-level enhancement, strikes the appropriate balance. There must be some recognition that he is more similarly situated to people who would have received the fast-track program than those who would not. The Court believes that a sentence commensurate with a reduction of 6 offense levels appropriately balances these factors, yet still sends a signal that coming into the United States is a serious crime when one has a criminal history. A sentence in the 14-offense-level range, with a criminal history category of II, is a sentence that, given the circumstances, fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). For the reasons stated on the record, and for further reasons consistent with those already stated, the Court will grant Rodriguez-Gamboa's request for a variance and sentence him to a term of 18 months in the custody of the Bureau of Prisons.

**IT IS ORDERED** that the Defendant's request for a downward departure in the Defendants' Sentencing Memorandum is denied and his request for a variance for the advisory guidelines range is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
James Tierney
Norman Cairns
Lynn Wei-Yu Wang
  Assistant United States Attorneys
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

John F. Robbenhaar
  Assistant Federal Public Defender
Albuquerque, New Mexico

*Attorney for the Defendant*