# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Francisco Javier Rodriguez-Gamboa** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **2:09CR00767-001JB** |
| | USM Number: **46809-051** |
| | Defense Attorney: **John Robbenhaar, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)(1)/(2), 8 U.S.C. Sec. 1326(b)(2) | Re-entry of a Removed Alien | 12/13/2008 | |

The defendant is sentenced as specified in pages 2 through **5** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | **March 12, 2010** |
|---|---|
| County of Residence | Date of Imposition of Judgment |
| | |
| | **/s/ James O. Browning** |
| | Signature of Judge |
| | |
| | **Honorable James O. Browning** |
| | **United States District Judge** |
| | Name and Title of Judge |
| | |
| | **May 5, 2010** |
| | Date Signed |

Defendant: **Francisco Javier Rodriguez-Gamboa**
Case Number: **2:09CR00767-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **18 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

Defendant Francisco Rodriguez-Gamboa`s offense level before any downward departure is 21 and his criminal history category is II, establishing a guideline imprisonment range of 41 to 51 months. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement which stipulates to an offense level of 20, because the Court agrees the offense level departs for justifiable reasons. An offense level of 20 combined with a criminal history category of II establishes a guideline imprisonment range 37 to 46 months. The Court notes the defendant illegally reentered the United States after previously being deported for a drug-trafficking conviction.

The Court denies Rodriguez-Gamboa`s request for a downward departure -- to the extent that he makes one. The Court sees no characteristic or factor that takes Rodriguez-Gamboa out of the heartland of cases. Courts in the District of New Mexico often see similar defendants who come back into the United States with a single criminal event that causes a 16-level increase, and people often say they just did not realize how serious it would be to come back into the United States with that one conviction. The Court appreciates that many defendants with few prior encounters with the law are surprised, and thinks this recurring event is a factor that may weigh in determining whether to grant a variance, but the Court does not think this argument goes to a downward departure because the situation is so common.

Rodriguez-Gamboa illegally reentered the United States after previously being deported for a drug-trafficking conviction, but the Court notes that conviction is the only crime in Rodriguez-Gamboa`s history, other than the one for which he is before the Court. The Court has carefully considered the guideline sentence but, in arriving in at its sentence, the Court has taken into account not only the guidelines but other sentencing goals. Specifically the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. There was an opportunity for Rodriguez-Gamboa to take a fast-track plea agreement, and the Court is very mindful of that offer and does not want to do anything that undermines the effectiveness of the fast-track program which benefits both the United States and the defendants. At the same time, in the end, the Court has to craft a sentence that embodies or reflects each of the factors in § 3553(a).

When the Court focuses on that task and puts aside the fact that Rodriguez-Gamboa has vigorously defended himself, filed motions to suppress, and refused fast-track plea agreements which would have given him the benefit of a greater downward departure, the Court does not believe that the punishment that is set forth in the guidelines is appropriate for this sort of offense. In coming to this conclusion, the Court considers the kind of sentencing ranges established by the guidelines. The Court finds that a sentence in the 30-month range is too high for Rodriguez-Gamboa`s case. The Court concludes that a lesser sentence balances the § 3553(a) factors as well as -- if not better than -- the guideline sentence.

Ultimately, the Court recognizes that it is sentencing a defendant for reentry into the United States following a drug-trafficking conviction, which is serious. The Court, however, thinks a sentence less than 30 months can still reflect the seriousness of the offense and promote respect for the law. The Court must also provide a sentence that is a just punishment, and the Court believes that sentences in the 30-month range, for a defendant with the criminal background that Rodriguez-Gamboa has, would not be a just punishment. The Court must come up with something that affords adequate deterrence, so it needs to be more than what Rodriguez-Gamboa has received for his prior drug-trafficking conviction -- 15 months -- because that sentence did not deter him from reentering the United States after committing that crime. These are nonviolent crimes, however, and so the Court does not think the need to protect the public weighs as heavily in Rodriguez-Gamboa`s situation as it does in others. The Court thinks a sentence that is more in the nature of the 10-level enhancement, rather than the 16-level enhancement, strikes the appropriate balance. There must be some recognition that he is more similarly situated to people who would have received the fast-track program than one who would not.

The Court believes that a sentence commensurate with a reduction of 6 offense levels appropriately balances these factors, yet still sends a signal that coming into the United States is a serious crime when one has a criminal history. A sentence in the 14-offense-level range, with a criminal history category of II, is a sentence that, given the circumstances, fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). Furthermore, although the Court is not asked to come up with a reasonable sentence --

the Court`s obligation is to properly balance the factors in 18 U.S.C. § 3553(a) -- the Court believes this sentence is more reasonable than the guideline sentence, and is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act. The Court thus commits Rodriguez-Gamboa to the custody of the Bureau of Prisons for a term of 18 months.

☐     The court makes these recommendations to the Bureau of Prisons:


☒     The defendant is remanded to the custody of the United States Marshal.
☐     The defendant must surrender to the United States Marshal for this district:
       ☐     at  on
       ☐     as notified by the United States Marshal.
☐     The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
       ☐     before 2 p.m. on
       ☐     as notified by the United States Marshal
       ☐     as notified by the Probation or Pretrial Service Office.

## RETURN

I have executed this judgment by:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

                           UNITED STATES MARSHAL


                           Deputy United States Marshal

Defendant: **Francisco Javier Rodriguez-Gamboa**
Case Number: **2:09CR00767-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years unsupervised**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐　　The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
☒　　The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
☒　　The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
☐　　The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
☐　　The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

AO 245B (Rev. 12/03) Sheet 3 | Judgment - Page 5 of 5

Defendant: **Francisco Javier Rodriguez-Gamboa**
Case Number: **2:09CR00767-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Francisco Javier Rodriguez-Gamboa**
Case Number: **2:09CR00767-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒         The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$waived** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☐   In full immediately; or

B    ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.